## Ex parte MENAREGIDIS.

(District Court, S. D. New York. June 5, 1925.)

**1. Aliens ⚏54(17)—In reviewing exclusion of alien as quota immigrant, question is whether there is any evidence on which decision could be based, and whether action was arbitrary and unfair, and not whether board misjudged evidence (Immigration Act 1924, §§ 4 [e], 13 [a] [3], being Comp. St. Supp. 1925, §§ 4289¾b, 4289¾ff).**

In reviewing action of Department of Labor in excluding alien under Immigration Act 1924,

§ 13 (a) (3), being Comp. St. Supp. 1925, § 4289¾ff, on ground that he is a quota immigrant, and not a nonquota immigrant, as specified in his immigration visa, under section 4 (e), being section 4289¾b, question is whether there was some evidence on which such decision could be reached, and whether such action was arbitrary and unfair, and not whether in court's opinion board misjudged evidence in its consideration of the merits.

2. Aliens ⬦54(9)—Evidence held to warrant exclusion of immigrant as being quota immigrant, and not nonquota immigrant, as specified in his immigration visa (Immigration Act 1924, §§ 4 [e], 13 [a] [3], being Comp. St. Supp. 1925, § 4289¾b, 4289¾ff).

Evidence *held* to warrant exclusion of immigrant under Immigration Act 1924, § 13 (a) (3), being Comp. St. Supp. 1925, § 4289¾ff, as being a quota immigrant, and not a nonquota immigrant, as specified in his immigration visa, under section 4 (e), being section 4289¾b.

Application of Alexander Menaregidis for a writ of habeas corpus in behalf of Andreas Menaregidis. Writ dismissed. Order affirmed in 13 F.(2d) 393.

Francis E. Hamilton, of New York City, for petitioner.

Emory R. Buckner, U. S. Atty., and James C. Thomas, both of New York City, for respondent.

GODDARD, District Judge. This relator is a native of Turkey. His mother and father are residing in Tricola, Greece; his brother, Alexander Menaregidis, of New York City, paid his passage. He is 15 years of age, and claims to be coming as a student to attend the American International College. He presents a nonquota immigration visa, in which he is classified as a nonquota immigrant under subdivision (e) of section 4 of the Immigration Act of 1924 (Comp. St. Supp. 1925, § 4289¾b).

[1] The Department of Labor has excluded him from admission to the United States under section 13 (a) (3) of the Immigration Act of 1924 (Comp. St. 1925, § 4289¾ff), in that he is a quota immigrant, and not a nonquota immigrant, as specified in his immigration visa. The question is whether the board had some evidence upon which it could base the decision which it reached, and whether its action has been arbitrary and unfair; not whether, in the court's opinion, the board has misjudged the evidence in its consideration of the merits.

[2] There is an expressed intention by the alien that he will remain permanently in the United States; he stated as follows: "Q. When you finish your studies in dental subjects, what will you do? A. I will remain in New York. Q. Then you are coming here now to remain permanently in the United States? A. Yes."

It is true that there is a difference between wanting to stay and intending to stay, and proof of the desire to stay is not proof of intent to stay; but where the alien has definitely informed the board, in answer to its questions, that he intends to remain permanently, I believe there is some evidence upon which the board might have reached the conclusion it did.

There is testimony offered in relator's behalf by his brother, Alexander, who at one time says that he must go back after he finishes the other school, and, when informed that the relator stated that it was his intention to remain in the United States, replied: "He will remain here." This testimony is inconsistent, and, under the reported cases, the board may have, in its discretion, arrived at the conclusion it did.

I do not find that the board acted in an arbitrary or unfair manner, or contrary to the law, and must therefore dismiss the writ.